In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00215-CV**
_____

**CITY OF CONROE, Appellant**

**V.**

**TIFFANY THOMAS, INDIVIDUALLY AND AS NEXT FRIEND OF C.C.,
A MINOR, C.C., A MINOR, AND EDWARD CALDWELL,
INDIVIDUALLY, Appellees**

**On Appeal from the 284th District Court
Montgomery County, Texas
Trial Cause No. 17-06-08026-CV**

**MEMORANDUM OPINION**

Appellant, the City of Conroe ("the City"), brings this interlocutory appeal from the trial court's order denying its plea to the jurisdiction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2017). In three issues, the City argues that the trial court erred in denying its plea to the jurisdiction based on governmental immunity because the appellees failed to demonstrate that the City

was grossly negligent as required by the Texas Recreational Use Statute. *See id.* § 75.002(f) (West 2017). We reverse the trial court's order denying the City's plea to the jurisdiction and render judgment dismissing the appellees' claims for lack of subject matter jurisdiction.

Background

In June 2017, the appellees, Tiffany Thomas, individually and as next friend of C.C., a minor, C.C., a minor,[1] and Edward Caldwell, individually, sued the City for negligence, claiming that a camp supervisor, who was working at a summer day camp operated by the City and who was performing acts within the course and scope of his employment for the City, was negligent and proximately caused C.C.'s eye injury. In their petition, the appellees alleged that the camp supervisor was supervising the children in sports activities inside a portable structure when the supervisor had the children play baseball with a makeshift bat. According to the appellees, the supervisor swung the makeshift bat and hit C.C., causing C.C. to lose sight in his left eye. The appellees maintained that the City is vicariously liable for the supervisor's negligence.

---

[1]This case involves two minor plaintiffs who are brothers and who have the same initials, but only one of the minors was physically injured as a result of the City's alleged negligence. When referring to C.C. in the body of this opinion, we are referencing the brother who was injured.

The City filed a plea to the jurisdiction asserting that the appellees' claims fail because (1) the recreational use statute requires plaintiffs to prove that the City breached its duty of care by showing that the City acted with gross negligence, and (2) the City's immunity from suit is not waived because the supervisor was not grossly negligent. According to the City, the undisputed evidence establishes that the informal softball game associated with the City's free summer day camp falls within the recreational use statute, which provides that a governmental unit does not owe a person who is engaging in recreation on premises occupied by the governmental unit a greater degree of care than is owed to a trespasser. The City argued that because its day camp qualifies as "recreation" under the recreational use statute, it only owes a duty of care not to injure a person through gross negligence. The City asserts that it is entitled to immunity because its employee who was supervising the children was negligent, but not grossly negligent, and because the City did not depart from the ordinary standard of care to such an extent that it created an extreme degree of risk of harming the plaintiff.

The City further argued that the fact that the ball game was moved temporarily to an indoor location due to the weather did not remove the activity from the protection of the statute, because the statute's definition of "premises" includes buildings and structures located on the land. According to the City, the statute's

3

definition of "recreation" includes "camping[]" and "any other activity associated with enjoying nature or the outdoors[,]" and the purpose of the City's day camp is to provide recreation and a "'fun place where day campers can collaborate and grow with an optimistic outlook on life by participating in camp activities and enjoying the beauty of Conroe and its surrounding environment.'"

The appellees filed an amended petition adding a gross negligence claim against the City. The appellees also filed a response to the City's plea to the jurisdiction, arguing that the case does not fall under the recreational use statute, because under the statute, the City's camp is not considered "camping" and playing baseball inside a classroom is not "recreation" because it is not an activity associated with enjoying nature or the outdoors. According to the appellees, there is a material fact question regarding whether the indoor ball game at the junior high school is an activity that qualified as "recreation" under the statute. The appellees argued that because the indoor ball game does not fall under the type of activities that are defined as "recreation," C.C. was not a trespasser when he was injured at the City's camp. The appellees further argued that the trial court should deny the City's plea to the jurisdiction, declare that the activity that caused C.C.'s eye injury is not considered "camping" under the statute, and allow the case to be tried on negligence and gross negligence theories.

4

In the City's reply to the appellees' response to its plea to the jurisdiction, the City argued that its day camp falls under the activity of "camping" because it is related to enjoying nature and the outdoors, and the City further argued that informal softball games are considered "recreation" under the statute. According to the City, the trial court should grant its plea to the jurisdiction because the appellees' gross negligence claim is refuted by the evidence.

The record shows that the trial court denied the City's plea to the jurisdiction and found that the activity during which C.C. suffered his personal injury was not "camping" or a "recreational use" for purposes of the statute. The City filed this interlocutory appeal.

Standard of Review

Sovereign immunity protects the state from lawsuits for money damages and deprives a trial court of subject matter jurisdiction unless the state consents to suit. *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). Governmental immunity operates like sovereign immunity to afford similar protections to subdivisions of the state, including cities. *Id.* A city may raise its immunity from suit in a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004). We review a trial court's ruling on a plea to the jurisdiction *de novo*. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007).

5

When a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court may consider relevant evidence and is required to do so when necessary to resolve the jurisdictional issues raised. *Miranda*, 133 S.W.3d at 227. When evidence is submitted that implicates the merits of the case, the trial court reviews the relevant evidence to determine whether a fact issue exists. *Id.* This standard of review generally mirrors the summary judgment standard under Texas Rule of Civil Procedure 166a(c), as it places the burden on the governmental unit to demonstrate that the trial court lacks subject matter jurisdiction. *Id.* at 228; *see also* Tex. R. Civ. P. 166a(c). If the governmental unit meets its initial burden, the burden then shifts to the plaintiff to show that a disputed material fact exists regarding the jurisdictional issue. *Miranda*, 133 S.W.3d at 228. We take as true all evidence that is favorable to the plaintiff and indulge every reasonable inference and resolve any doubts in the plaintiff's favor. *Id.* If the evidence creates a fact question regarding the jurisdictional issue, the trial court cannot grant the plea because fact questions must be resolved by the finder of fact, but if the relevant undisputed evidence negates jurisdiction, the trial must grant the plea. *Id.* at 227-28.

## Applicable Law

The Legislature has provided a limited waiver of the state's immunity from suit as to certain tort claims under the Texas Tort Claims Act ("TTCA"). *State v.*

6

*Shumake*, 199 S.W.3d 279, 283 (Tex. 2006); *see* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-.109 (West 2011 & Supp. 2017). Specifically, section 101.021 of the TTCA waives governmental immunity when a plaintiff's injury is caused by (1) the negligent operation of a motor-driven vehicle or motor-driven equipment; or (2) the negligent use of tangible real or personal property. Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021, 101.025 (West 2011); *Miranda*, 133 S.W.3d at 225. To state a cause of action under the TTCA for negligent use, the plaintiff must allege facts showing that the employee's negligence was the proximate cause of the injuries and that the negligent conduct involved the use of tangible personal property. *McBride v. TDCJ-ID*, 964 S.W.2d 18, 22 (Tex. App.—Tyler 1997, no pet.). Section 101.058 of the TTCA modifies a governmental unit's waiver of immunity from suit by limiting the liability of a governmental unit in cases in which the governmental unit would be liable under the TTCA, and under such circumstances controlled by the recreational use statute. Tex. Civ. Prac. & Rem. Code Ann. § 101.058 (West 2011); *see Miranda*, 133 S.W.3d at 225.

"The recreational use statute recognizes that landowners or occupiers, who open their property to the public for recreational purposes, provide a public benefit." *Stephen F. Austin State Univ. v. Flynn*, 228 S.W.3d 653, 658 (Tex. 2007). To encourage this use, the statute limits the liability of property owners who give

7

permission to the public to enter the premises for recreation. *Id.*; *Shumake*, 199 S.W.3d at 284. The statute "absolves property owners of liability for injuries to others using the property for recreation so long as the property owner does not engage in grossly negligent conduct or act with malicious intent or in bad faith." *City of Bellmead v. Torres*, 89 S.W.3d 611, 612 (Tex. 2002). The recreational use statute provides that if a person enters premises owned, operated, or maintained by a governmental unit and engages in recreation on the premises, the governmental unit does not owe the person a greater degree of care than is owed to a trespasser. Tex. Civ. Prac. & Rem. Code Ann. § 75.002(f) (West 2017); *see Flynn*, 228 S.W.3d at 658, 660. Under the statute, a governmental unit only owes a duty to refrain from injuring a trespasser willfully, wantonly, or through gross negligence. Tex. Civ. Prac. & Rem. Code Ann. § 75.007(b) (West Supp. 2017). Thus, a governmental unit waives sovereign immunity from suit for a plaintiff's injuries under the TTCA and the recreational use statute only if the governmental unit acted with gross negligence. *Miranda*, 133 S.W.3d at 225.

The term "recreation" is defined as an activity such as:

(A)  hunting;
(B)  fishing;
(C)  swimming;
(D)  boating;
(E)  camping;
(F)  picnicking;

8

(G)     hiking;

(H)     pleasure driving, including off-road motorcycling and off-road automobile driving and the use of all-terrain vehicles and recreational off-highway vehicles;

(I)     nature study, including bird-watching;

(J)     cave exploration;

(K)     waterskiing and other water sports;

(L)     any other activity associated with enjoying nature or the outdoors;

(M)     bicycling and mountain biking;

(N)     disc golf;

(O)     on-leash and off-leash walking of dogs; or

(P)     radio control flying and related activities.

Tex. Civ. Prac. & Rem. Code Ann. § 75.001(3) (West 2017). In determining whether an activity is "recreation" for purposes of the statute, the relevant inquiry is what the plaintiff was doing when he was injured. *Torres*, 89 S.W.3d at 614. The statute's list of recreational activities is not exhaustive, and the term "recreation" expressly includes "any other activity associated with enjoying nature and the outdoors[.]" Tex. Civ. Prac. & Rem. Code Ann. § 75.001(3)(L); *Torres*, 89 S.W.3d at 615. While the statute does not apply to competitive sporting events or spectators, it does apply to informal ball games associated with enjoying nature and the outdoors. *See Univ. of Tex. at Arlington v. Williams*, 459 S.W.3d 48, 57 (Tex. 2015) (plurality op.) (holding that the recreational use statute does not apply to competitive sporting events or spectators); *Univ. of Tex. Health Science Ctr. at Houston v. Garcia*, 346 S.W.3d 220, 225-26 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (concluding

that playing sand volleyball on an outdoor court is a recreational activity within the meaning of the statute).

The statute also includes indoor recreational activities that are conducted inside buildings and structures located on the governmental unit's property. *See* Tex. Civ. Prac. & Rem. Code Ann. § 75.001(2) (West 2017); *Torres*, 89 S.W.3d at 615. Under the recreational use statute, the definition of "premises" includes, among other things, land and the buildings and structures attached to or located on the land. Tex. Civ. Prac. & Rem. Code Ann. § 75.001(2). Thus, a plaintiff's claim for injuries that are sustained while engaging in indoor recreation on the governmental unit's premises falls within the purview of the statute. *See City of Plano v. Homoky*, 294 S.W.3d 809, 816-17 (Tex. App.—Dallas 2009, no pet.) (concluding that injuries to plaintiff were sustained when she tripped and fell inside a clubhouse after playing golf were related to the activity of playing golf).

## ANALYSIS

In issue one, the City argues that the indoor softball game constitutes "recreation" under the recreational use statute. The recreational use statute applies if C.C. was engaged in "recreation" on the City's premises at the time of his injury. *See* Tex. Civ. Prac & Rem. Code Ann. § 75.002(f). It is undisputed that C.C. was injured in a portable building or structure located on land owned by the City. Thus,

10

we conclude that C.C. was injured on the City's "premises." *See id.* § 75.001(2); *Torres*, 89 S.W.3d at 613-14.

The record shows that when C.C. was injured, he was participating in a free summer day camp operated by the City, and that the purpose of the camp was to offer campers a safe and fun place to participate in camp activities and to enjoy the beauty of Conroe and its surrounding environment. The evidence established that C.C. was injured while playing a ball game inside a portable building, and the ball game was conducted indoors because it was "wet and sloppy" on the field. The evidence further established that the game was not an organized athletic event, but merely a game played at day camp to entertain the campers and have them interact.

Based on this record, we hold that C.C. was playing a recreational ball game during a summer day camp that was associated with enjoying nature and the outdoors, and that he was not participating in a competitive sporting event. *See* Tex. Civ. Prac. & Rem. Code Ann. § 75.001(3)(L); *Williams*, 459 S.W.3d at 57; *Garcia*, 346 S.W.3d at 225-26. The fact that the camp supervisor conducted the ball game indoors due to weather conditions does not remove the recreational activity from the purview of the statute. *See* Tex. Civ. Prac. & Rem. Code Ann. § 75.001(2); *Torres*, 89 S.W.3d at 615; *Homoky*, 294 S.W.3d at 816-17. Under these facts, we conclude that when C.C. was injured he was engaged in "recreation" for purposes of the

11

statute, and the recreational use statute therefore applies to the appellees' claims. *See* Tex. Civ. Prac. & Rem. Code Ann. § 75.001(3)(L). We sustain issue one.

In issue two, the City argues that the term "camping" in the recreational use statute includes its day camp, which the City contends it provided for recreational purposes for children to participate in camp activities and enjoy the beauty of Conroe and its surrounding environment. Having already concluded that the recreational use statute applies to the appellees' claims, we need not address the City's second issue, as it would not result in greater relief. *See* Tex. R. App. P. 47.1.

In issue three, the City argues that it presented evidence refuting gross negligence and that it is entitled to dismissal with prejudice. Because we have concluded that the recreational use statute applies to the appellees' claims, the City owed C.C. the duty owed to a trespasser. *See* Tex. Civ. Prac. & Rem. Code Ann. § 75.002(f). A premises owner owes a trespasser the limited duty "not to injure that person willfully, wantonly, or through gross negligence." *Miranda*, 133 S.W.3d at 225. Gross negligence is an "act or omission involving subjective awareness of an extreme degree of risk, indicating conscious indifference to the rights, safety, or welfare of others." *Shumake*, 199 S.W.3d at 287. "Gross negligence requires that the landowner be subjectively aware of, and consciously indifferent to, an extreme risk of harm." *Id.* at 288. "[W]hat separates ordinary negligence from gross negligence

12

is the defendant's state of mind; in other words, the plaintiff must show that the defendant knew about the peril, but his acts or omissions demonstrate that he did not care." *Louisiana-Pacific Corp. v. Andrade*, 19 S.W.3d 245, 246-47 (Tex. 1999). This definition of gross negligence applies to the recreational use statute. *See Miranda*, 133 S.W.3d at 225.

In their amended petition, appellees claim that the City acted with conscious disregard for the safety and welfare of its camp participants by conducting a competitive ball game indoors and allowing the children to run around, swing makeshift bats, throw and hit dodge balls, and play without helmets. The appellees pleaded that the City was aware that the game was competitive with an extreme degree of risk of serious injury, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of C.C. The appellees did not present any evidence showing that the City's acts or omissions demonstrate that the City was indifferent to the consequences to C.C. of a known extreme risk of danger. *See Miranda*, 133 S.W.3d at 232.

The City contends that the evidence refutes gross negligence. The City presented the affidavit of City supervisor Scott Perry, who averred that the purpose of the City's summer camp was to offer a safe and fun place where campers could participate in camp activities. According to Perry, the counselor, who was

supervising the children when C.C. was injured, had organized an indoor softball game because it was raining outside, and the game included a padded bat and dodge balls. Perry averred that the game was not an organized athletic event, but merely a day camp game played to be interactive and entertaining. Perry averred that prior to the incident at issue, he was not aware of any safety complaints concerning the counselor who supervised the indoor softball game, nor was Perry aware of any injury ever occurring during this type of camp activity. Construing the appellees' pleadings liberally, we hold that the appellees have not alleged any act or omission by the City that satisfies the pleading requirements of gross negligence. *See Homoky*, 294 S.W.3d at 817. We conclude that the appellees have failed to raise a fact issue regarding gross negligence. *See Miranda*, 133 S.W.3d at 232. We sustain issue three.

## Conclusion

Having sustained the City's first and third issues, we hold that the appellees have failed to meet the requirements for a limited waiver of governmental immunity under the TTCA and the recreational use statute. Accordingly, the trial court lacked subject matter jurisdiction. We conclude that the trial court erred in denying the City's plea to the jurisdiction. We reverse the trial court's order denying the City's plea and render judgment dismissing the appellees' claims for lack of subject matter jurisdiction.

14

REVERSED AND RENDERED.

_____

STEVE McKEITHEN
Chief Justice

Submitted on August 13, 2018
Opinion Delivered October 11, 2018

Before McKeithen, C.J., Kreger and Johnson, JJ.